BERNADO CINQUIMANI : No.-8186-

v. : COURT OF APPEAL

THE CONCORDIA FIRE INSURANCE CO. : PARISH OF ORLEANS

WILLIAM A . BELL, JUDGE:

Court of Appeal
PARISH OF ORLEANS
FILED JAN 30 22
Stansbury

Plaintiff Bernardo Cinquimani seeks recovery for loss under a fire insurance policy No. 70,227 issued in his favor by the Concordia Fire Insurance Company, defendant herein, upon a certain one story frame building situated in Mandeville, La., and totally destroyed by fire on December 19th, 1917. The premium on said policy was paid and the property in question was covered by said policy at date of the fire. Proof of loss was duly presented by claimant and liability denied by the Company. There is no dispute as to these facts but it is contended by defendant that plaintiff cannot recover because he was not at any time owner in fee simple of the property destroyed and that he failed, when taking out the insurance in question, to disclose his true interest if any in the property covered by the policy. The lines or clauses of the policy upon which these contentions are pleaded, read as follows:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured be not truly stated therein."

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void --- if the interest of the insured be other than unconditional or sole ownership; of if the subject of this insurance be a building on ground not owned by insured in fee simple."

The evidence is conclusive that from the date of the policy, November 16th, 1917, to the date of the fire, December 19th, 1917, plaintiff was not in possession of any public notarial title, nor was there any public registration in his name of such a title, as owner or qualified owner of the property covered by the policy. However, plaintiff's title or muniment of title to the property in question is shown by an original document described as exhibit "P 2" and reading as follows:

New orleans, La., May 14, 1917.q
I hereby agree to purchase through W. B. Lancaster for $650.00 lot and store on Girod Street, Mandeville, Louisiana, in square 17. Said lot measured forty feet (40') front by one hundred and ninety feet (190') deep,, between equal and parallel lines, payable $50.00 cash, balance $8.00 per month with four per cent (4%) interest.

Witnesses:
R. M. SMITH                    "B: CINQUIMANI
E. J. BAGUR

291

Ernest J. Bagur, witness for defendant on direct examination, testified in relation to the above document as follows:

> Q.    Mr. Bagur, are you the same Ernest J. Bagur who purchased from Armand D. Lancaster, property described in this document marked D*A ?
> A.    Yes, Sir.
> Q.    Are you the same Ernest J. Bagur who acted through W. B. Lancaster in executing the agreement, Marked P. 2 between Bernado Cinquimani and yourself as owner of the property?
> A.    Yes,
> Q.    And this is your signature on the document P 2?
> A.    Yes.

It is further disclosed by the record that shortly after plaintiff acquired possession of the property he insured it with the defendant company and that from the date of the above document to the date of the fire, plaintiff had **not** lived upon and was  in full possession of the property and had strictly complied with all terms of payment as stipulated in the said contract to the extent of One Hundred and Six Dollars ($106/00).    In other words, possession, coupled with the three essentials of sale , to wit:  the thing sold, the price, and the consent, have been clearly established in this case.  (C. C. Article 2439).    The attack herein made by the defendant company against the validity of the sale is not sound in law under the evidence adduced, for the reason that the exceptions stated in Articles 2275 and 2440 of the Civil Code, to prescribed and customary methods of transfer of ~~immov~~able property,       are unmistakably present.

It must be noted also that the vendor, as witness for the Company on direct examination relating to the sale has "confessed it when interrogated under oath" and after"actual delivery" has been made  of  the property sold.

Counsel for defendant Company places  much reliance in the cases of PERRIN v. STUYVESANT INS. CO., 140 La. 812, and CARRANO v. THE CONCORDIA FIRE INSURANCE CO. No/ 7513 of the docket of this Court.    These authorities are specially cited in support of the contentions that unconditional ownership by plaintiff of the property covered by the policy was wholly lacking.    We have given careful consideration to these authorities and find them inapplicable to the instant case, for the reason that in each of these cited cases the ruling of the Court was predicated upon the specific finding that at the time of the issuance of the policies and for some time afterwards and at the moment of the fire

which destroyed the property, title to the property in question stood in the State of Louisiana and not in the insured by virtue of unredeemed tax sales, thus making the"Interest of the insured other than that of unconditional and sole ownership".  We find in the case before us, facts quite contrary to those above noted, and that Cinquimani's title to the Mandeville property was clearly that of unconditional and sole ownership, made certain by possession- in the vendee as well as by compliance on his part, in every respect with the written terms of sale, to which both vendor and vendee were parties.  The clauses of the policy herein pleaded in avoidance of  liability are not available as a defence to this suit.  At  the  time of the issuance of the  policy we find that there was no concealment or  misrepresentation and that ownership in the insured was complete in law  and in fact.

It is further contended by defendant that the trial court erred in excluding, upon plaintiffs objection, certain oral testimony offered by defendant for the purpose of explaining the conditions on which the written terms of sale were executed, and of showing the circumstances under which plaintiff's actual possession of the property arose.  We find no error in the court's ruling.

The Company's counsel in supplemental brief stresses other authorities, among them the case of THOMPSON vs. SHERIFF ET ALS., 40 La. Ann. 712.  Like analysis of this case shows there was a suspensive condition or agreement to the contract  to sell, inasmuch as the promisor  agreed:"to make a title to Thompson when he shall call for same".  We think the Court correctly held that the instrument, was because of this stipulation, only a promise to sell to Thompson, who, it may be also noted, had not, as in the case before us, signed the document.

A written promise to purchase without a proviso or suspensive condition that formal title shall be executed, amounts to a sale between the parties , especially where both parties sign the instrument which sets forth the terms of sale and description of property conveyed, and where the purchaser takes possesssion. 11 R. 349; C.C. Arts. 2439, 2440, 2462.

Plaintiff and appellee herein has filed in this Court on date of December 31st, 1921, an asnwer to the appeal taken by defendant and appellant, wherein it is prayed that the judgment of the trial Court be amended so as to award to plaintiff certain penalties *as* attorneys fees under Act/ 168 of 1908. The transcript of appeal herein taken was duly filed in this Court on March 12th, 1921. Plaintiff's answer to appeal comes too late for consideration and relief therein prayed for is denied.

The Judgment of the lower Court is hereby affirmed.

January _30th_, 1922.

*Writ refused by Sup. Ct. - May 4, 1922*