CUSACHS, ET AL., v. COLUMBIA NA-
TIONAL FIRE INSURANCE CO.

---

(Jan. 31, 1927.   Opinion and Decree.)
(Feb. 14, 1927.   Rehearing Refused.)
(March 28 1927.   Writ of Certiorari and
Review denied by Supreme Court.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Sales—Par. 22, 23, 24.**

A promise of sale, in order to amount to a
sale, must be clothed with the same
formalities as a sale, otherwise it is
not translative of property.

2. **Louisiana Digest—Courts—Par. 62.**

One decision is not sufficient to support
the doctrine of stare decisis.

Appeal from Civil District Court, Divi-
sion "C". Hon. E. K. Skinner, Judge.

Action by Gaspart Cusachs, et al., against
Columbia National Fire Insurance Co.
There was judgment for defendant and
plaintiffs appealed.

Judgment reversed.

Dart, Kernan & Dart, of New Orleans,
attorneys for plaintiffs, appellants.

J. C. Hollingsworth, of New Orleans, at-
torney for defendant, appellee.

## OPINION

WESTERFIELD, J. This is a suit on a
fire insurance policy, and, it is defended
upon the ground that there was failure of
warranty in respect to the ownership of
the property covered by the policy and
destroyed by fire.

There was judgment for defendant and
plaintiffs have appealed.

On May 26, 1917, the defendant insurance
company issued its policy covering the fire
hazard upon a certain piece of property in
the town of Mandeville, La., in the name
of W. B. Lancaster, a former owner of the
property, who transferred the policy, with
the consent of the defendant, to Bagur, one
of the plaintiffs herein.   Bagur assigned
the policy to Cusachs, co-plaintiff herein
as security for a mortgage debt and caused
the usual "loss payable" clause to be in-
serted or attached to the policy by defend-
ant.   Thereafter, on May 14, 1917, Bagur
entered into the following agreement with
one Cinquemani.

"I hereby agree to purchase through
W. B. Lancaster for $650, one lot and store
on Girod street, Mandeville, La., in square
17.   Said lot measures 40 feet front by 190
feet deep between equal and parallel lines,
payable $50 in cash balance $8 per month
with 4 per cent.
                              "B. Cinquemani.
"Witnesses:
   "R. M. Smith,
   "E. J. Bagur."

It will be observed that the agree-
ment is not signed by Lancaster, who acted
as agent for Bagur, nor by Bagur, except
as a witness, but it was partly executed
and several payments made on account to
Bagur, who does not impeach its validity
upon that ground, consequently we shall
treat with it as though signed by Bagur, or
his agent Lancaster.

On December 20, 1917, following the
agreement with Cinquemani the property
was destroyed by fire.   Cinquemani had in-
sured the property with Concordia Fire In-
surance Company for $500.00, and failing
to get a settlement sued that company, ob-
tained a judgment, which on appeal to this
court and on a writ to the Supreme Court,

was affirmed. See No. 8186 Orl. App., and No. 25,210 S. C.

The defense, which failed in the Cinquemani case, was the same as that made in this case by the present defendant, to-wit: A failure of warranty under a clause in the policy in the identical language of the policy sued in this case.

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the insured is other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

So that the issue in the Cinquemani case was, and the issue here is, the ownership of the property insured at the time of the fire. The parties to the two suits are different, and the policies sued on were different, except in the respect that all insurance policies are similar. But the determining factor is the same. This court, as then constituted, held that Cinquemani was the owner and by refusing to grant a writ the Supreme Court, inferentially, at least, approved of that judgment. The District Court, in the case at bar, believing that the decision in the Cinquemani case was conclusive here, dismissed plaintiff's petition. We are of opinion that the decision in the Cinquemani case was erroneous and, not without embarrassment, we have concluded to overrule it, notwithstanding our respect for the judges of this court, and the Supreme Court who participated in that case. The proposition to our minds, does not admit of a doubt and we are forced to conclude that Bagur was the owner of the property at the time of the sale. If we are wrong in this the Supreme Court will soon set us right.

· In Caire vs. Mutual Building and Homestead Association, No. 7315 Orl. App., we said:

"A promise of sale amounts to a sale only in the sense that it entitles either party to enforce specific performance; but a promise of sale is not translative of property, and does not change the ownership of or dominion over the thing even as between the parties or put the thing at the risk of the promisee."

In Thompson, Agent, vs. Duson, Sheriff, 40 La. Ann. 712, 5 So. 58, the court, at page 716, referring to R. C. C. 2462, 2439 and 2449, says:

"From the provisions we take it to be clear that 'a reciprocal consent of both parties as to the thing and the price thereof' is essential, and is of the essence of a promise of sale as well as of a sale.

"There was evidently such 'a reciprocal consent' between Mrs. Kilpatrick and Thompson. But those provisions make the further requirement that the promise of sale MUST BE CLOTHED with the same formalities as a sale, in order that it shall have effect. One of the most important of these is an act which purports to transfer the property. R. C. C. 2440. Such we understand to be the true import of the word 'act' which is contained in the article. True, it is, that no set phrase or form of words is necessary to operate (p. 717) a translation of property, but the ones employed must, of themselves, clearly express that object."

In Capo vs. Bugdahl, 117 La. 992, 42 So. 478, the court held, referring to the following agreement:

" 'This is to certify that I have this day sold my house at No. 1904-6 St. Louis St., between Roman and Prieur, to Thomas Capo, for the sum of $2300, 10 per cent, $230, paid, balance when act of sale is passed; 1905 taxes to be paid by vendor, also 2 per cent to agent.' That this agreement was not a sale. It was not intended in itself, to transfer the property. It remained in the defendant, who continued to have the real right in the property."

In Trichel vs. Home Ins. Co., 155 La. 459, 99 So. 403, the court in considering a similar defense by an insurance company, said.

"We think that such a doctrine is subsersive of the whole theory of insurance, which (in theory at least) is intended to provide protection for the assured. As we have heretofore said, the property insured remains at the risks of the insured, notwithstanding a promise to sell the same; and in dollars and cents (which is the practical side of the question) his interest in the property is precisely the same before and after his promise to sell; his risk not ceasing therein until actual sale. In Power vs. Ocean Insurance Co., 19 La. 28; 36 A. Dec. 665, this court said:

"'The nullity mentioned in the clause relied on by defendants, was in our opinion, intended and understood by the parties for the case where by sale or otherwise an absolute transfer or termination of the interest of the insured should take place so as to leave him without interest at the time of the loss.'

"We think that doctrine perfectly sound and we will follow it."

We have given consideration to the suggestion that the Cinquemani case, however illogical we deem it, should not be disturbed under the rule of stare decisis, La. Const. & Imp. Co. vs. I. C. R. R., 49 La. Ann. 552, 21 South. 891, or as constituting a rule of property, Lepine vs. Marero, 116 La. 941, 41 South. 216. But we have concluded upon the first point that one decision is insufficient as a basis for the application of the doctrine of stare decisis, Quake Realty Co. vs. Labasse, and upon the second point that there is no rule of property involved. The present case is based upon a policy issued by defendant before the Cinquemani suit was filed and by a different insurance company to a different policy holder.

For the reasons assigned the judgment appealed from must be and it is reversed, and it is now ordered that there be judgment for plaintiffs, Gaspard Cusachs and E. J. Bagur, and against the Columbia National Fire Insurance Company, in the sum of $300.00 with interest thereon at the rate of 5 per cent from April 4, 1918, until paid, and for all costs.